UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TEDKIEYA MCFADDEN | * | |
| | * | |
| Petitioner, | * | |
| | * | Civil Action No. 22-30062-KAR |
| | * | |
| v. | * | |
| | * | |
| | * | |
| WARDEN, FCI DANBURY, et al., | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM AND ORDER

May 17, 2022

ROBERTSON, U.S.M.J.

I.    INTRODUCTION

On May 11, 2022, Petitioner Tedkieya McFadden ("McFadden"), a federal inmate[1] now in custody at the Western Massachusetts Regional Correctional Center ("WCC") in Chicopee, Massachusetts, filed a two-page, handwritten pleading titled "2241 Motion." (Dkt. No. 1).

The Clerk entered the pleading on the docket as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. No. 1). Although the identities of the respondents are not entirely clear from the petition, the respondents are identified as the Warden at FCI Danbury and four WCC employees identified as (1) Constance[2], Camp Administrator; (2) Pullen; (3) Aw. Hess; and (4) Aw. Nash. (Dkt. No. 1, case caption). In the petition, McFadden alleges that she is being housed in a special housing unit

---

[1] McFadden is serving a 188-month sentence. *See United States v. McFadden*, C.R. No. 15-376-4, 2021 WL 5639753, at *1 (E.D. Pa. 2021) (denying § 2255 motion).

[2] The WCC website lists Connie Burke as the Assistant Superintendent. *See* http://hcsdma.org/contacts/ (last visited May 13, 2022)

at WCC because Danbury FCI doesn't "have a special housing unit for female [inmates and that Danbury FCI will] contract out to the [WCC] to house [female inmates] with infractions." (*Id.* at p. 1). She contends that the conditions of confinement to which she is subjected at WCC amounts to "cruel and unusual punishment." (*Id.*).

Specifically, she alleges that "female inmates at Danbury FCI" are treated differently than male inmates with disciplinary infractions because "the men at that prison can use the phone twice a month[,] access to their legal material, law library and commissary." (*Id.* at p. 2). McFadden complains that she and other female inmates "from FCI Danbury [are unable to] contact [their] families via telephone .... can't use a law library, legal material, no copier, no hygiene, and no commissary." (*Id.* at p. 1).

McFadden also complains that the Bureau of Prison website "shows [that McFadden is] still being house[d] at FCI Danbury which is false." (*Id.*). McFadden explains that "this is leading [her] family to believe that [she is] still housed [at FCI Danbury] so [McFadden's] mail is falling on deaf ears as of right now." (*Id.*). McFadden is "requesting for somebody to step in and help [McFadden] with this [because] its bothering [her] mental state of being." (*Id.*).

McFadden requests an "attorney to help [McFadden] file this motion correctly" and expresses concern that she is at risk for the imposition of additional restrictions, such as relocation, in retaliation for "speaking out about this punishment they are handing out to female inmates at Danbury FCI." (*Id.* at p. 2).

This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (Dkt. No. 3). The Clerk entered a copy of McFadden's petition on the docket as petitioner's Motion to Appoint Counsel. (Dkt. No. 2).

II.    FILING FEE

Here, McFadden did not pay the filing fee for this action and she will be granted an opportunity to do so. *Infra.* at § V. (conclusion). The statutory fee to file a habeas petition is $5.00. If a litigant cannot afford $5.00 filing fee for filing a habeas petition, the litigant may seek to proceed without prepayment of the fee (or "*in forma pauperis*") by submitting a financial affidavit, 28 U.S.C. § 1915(a)(1), and a prison account statement. 28 U.S.C. § 1915(a)(2). If a habeas petitioner is allowed to proceed *in forma pauperis*, the $5.00 filing fee is waived.

Unlike habeas actions, the statutory fee to file a non-habeas civil complaint is $350 plus a $52 administrative fee. If a prisoner plaintiff is allowed to proceed *in forma pauperis*, the $52 administrative fee is waived but the prisoner must pay the $350 statutory filing fee over time. 28 U.S.C. § 1915(b). Unlike habeas petitioners, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court assesses an initial partial filing fee to be paid from the plaintiff's prison account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(1)-(2).

III.    PRELIMINARY REVIEW

McFadden's Petition has not been served pending the court's preliminary review of the document. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").

Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The core remedy provided by the writ of habeas corpus is release from unlawful custody." *Grinis v. Spaulding*, No. 20-10738-GAO, 2020 WL 3097360, at *2 (D. Mass. 2020). Generally, "§ 2241 is the vehicle for challenging the execution of an otherwise valid sentence; and civil rights actions [whether under *Bivens* for claims against federal officials or § 1983 for claims against state actors] are the vehicle for challenges to the particular conditions of confinement." *Garcia v. Spaulding*, No. 08-40017-DPW, 324 F.Supp.3d 228, 232 (D. Mass. 2018) (citations omitted). "[T]he Supreme Court left open 'the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself.'" *Grinis*, 2020 WL 3097360, at *2 (citations omitted). The First Circuit has held that in certain circumstances a habeas petition can be the appropriate means for a prisoner to seek reduction in the restrictiveness of his or her custodial condition. *Id.* at n. 2 (citing *González-Fuentes v. Molina*, 607 F.3d 864, 873 (1st Cir. 2010); *Brennan v. Cunningham*, 813 F.2d 1, 4 (1st Cir. 1987).[3]

The court liberally construes the petition because McFadden is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).

IV. DISCUSSION

McFadden invokes "2241" as the basis for this action and the stated basis of her claim is "cruel and unusual punishment." As best can be gleaned from the petition, McFadden's primary concern are

---

[3] "In *González-Fuentes* and *Brennan*, the petitioners claimed that they had been removed from less restrictive conditions of confinement outside of prison and unlawfully returned to confinement in prison; they sought habeas relief in the form of release from prison back to their previous less restrictive status." *Grinis*, 2020 WL 3097360, at n 2 (citing *González-Fuentes*, 607 F.3d at 873; *Brennan*, 813 F.2d at 1, 4).

the conditions of her confinement at WCC, i.e., lack of access to a telephone, a law library, legal material, hygiene products and commissary.  It is less clear whether McFadden asserts a habeas challenge concerning the restrictiveness of her confinement.  Other than requesting the appointment of an attorney, it is not clear to the Court the relief sought by McFadden.

In light of the foregoing, and because McFadden has not provided sufficient information for this Court to find that she has presented a cognizable habeas claim, she is advised that her petition is subject to dismissal.  Therefore, if McFadden wishes to proceed with this action, she will be granted an opportunity to clarify her claims and address the filing fee.

V.    Conclusion

For the reasons set forth above,  it is hereby

ORDERED, within 35 days of this Memorandum and Order, McFadden shall (1) either file (i) an Amended Petition that identifies her habeas claims and the relief she seeks; or (ii) a Civil Complaint; and (2) either shall (i) pay the applicable filing fee; or (ii) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement showing account activity for the six months preceding the filing of this lawsuit (the lawsuit was filed on May 11, 2022).  Failure to comply with these directives may result in dismissal of this action; and it is further

ORDERED, the Clerk shall terminate pending Motion to Appoint Counsel (Dkt. No 2) because it is a duplicate copy of McFadden's petition; and it is further

ORDERED, the Clerk shall provide McFadden with a blank Application to Proceed in District Court Without Prepaying Fees or Costs (AO 240), a blank Petition for a Writ of Habeas Corpus Under

28 U.S.C. § 2241 (AO 242), and a blank Complaint for Violation of Civil Rights (Prisoner) (Pro Se 14).

                                                           /s/ Katherine A. Robertson
                                                         KATHERINE A. ROBERTSON
                                                         United States Magistrate Judge

DATED: May 17, 2022