UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TEDKIEYA MCFADDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-30062-KAR |
| | ) |
| CONNIE BURKE, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
(Dkt. No. 11)

ROBERTSON, U.S.M.J.

Respondent Connie Burke (Respondent) has moved to dismiss the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 of petitioner Tedkieya McFadden (Petitioner). The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 73. For the reasons that follow, the court grants the government's motion and dismisses the petition.

I. RELEVANT BACKGROUND

On May 11, 2022, Petitioner, a federal inmate who was temporarily in custody at the Western Massachusetts Women's Regional Correctional Center (WCC) in Chicopee, Massachusetts, filed a two-page handwritten pleading entitled "2241 Motion" (Dkt. No. 1).[1] Petitioner alleged that she was in a special housing unit (SHU) at the WCC because FCI-Danbury did not have an SHU for female inmates and contracted with the WCC to house female inmates in its SHU (Dkt. No. 1 at 1). Petitioner claimed that she was denied access to the

---

[1] Petitioner is serving a 188-month sentence to be followed by five years of supervised release. *See United States v. McFadden,* CRIMINAL ACTION No. 15-376-4, 2021 WL 5639753, at *1-2 (E.D. Pa. Nov. 30, 2021) (denying § 2255 motion).

1

telephone, the law library, her legal materials, and the commissary (Dkt. No. 1 at 1).  She requested help and expressed concern that her complaints would result in her being transferred far away (Dkt. No. 1 at 1-2).

On July 6, 2022, Petitioner filed a handwritten Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 naming the warden of FCI-Danbury, four officials of that facility, and Connie Burke, Assistant Superintendent of the WCC, as respondents (Dkt. No. 5).  Petitioner alleged discrimination based on the different treatment afforded to male inmates at FCI-Danbury, who were permitted to access their legal documents, the telephone, the commissary, and the staff at FCI-Danbury for the purpose of filing a grievance, while she was denied those privileges (Dkt. No. 5 at 3).  As to injuries, she claimed that she lost personal and legal property and suffered mental stress (Dkt. No. 5 at 4).  Petitioner asked the court to grant her access to her legal materials, the telephone, and the commissary and requested transfer from the WCC's SHU at the expiration of the disciplinary period (Dkt. No. 5 at 4).  Petitioner attached four Hampden County Sheriff's Department Grievance/Appeal forms to the petition (Dkt. No. 5-1 at 1-4).

On August 19, 2022, the government moved to dismiss for lack of jurisdiction, or, in the alternative, for summary judgment (Dkt. No. 11).  On October 14, 2022, having received no response to the government's motion, the court ordered Petitioner to address the status of the case by November 4, 2022 (Dkt. No. 14, 15).  The copy of the court's order, mailed to Petitioner at the WCC, was returned as undeliverable because Petitioner had been transferred to FCI-Aliceville in Alabama (Dkt. No. 16).  On October 31, 2022, the court directed Petitioner to address the status of the case by November 21, 2022 and to update the court's docket to show her new address at FCI-Aliceville (Dkt. No. 17).  *See McFadden v. Burke,* Civil Action No. 22-30062-KAR, 2022 WL 16554708, at *1 (D. Mass. Oct. 31, 2022).  Petitioner's opposition to the government's

motion included a claim that she was transferred to FCI-Aliceville in retaliation for filing the § 2241 petition (Dkt. No. 22 at 2-3).

    II.    ANALYSIS

Because a prisoner must exhaust his or her administrative remedies before petitioning for relief under § 2241, *see Darling v. Boncher,* CIVIL ACTION NO. 22-11664-JGC, 2023 WL 319861, at *1 (D. Mass. Jan. 19, 2023) (citing *Rogers v. United States,* 180 F.3d 349, 358 (1st Cir. 1999)), Petitioner's cognizable claims are limited to the four grievances that she filed with the WCC. *See Acosta v. U.S. Marshals Serv.,* 445 F.3d 509, 512 (1st Cir. 2006). She complained that she was denied access to FCI-Danbury's grievance procedure, her legal documents, adequate food and drink, and the commissary (Dkt. No. 5-1 at 1-4). The government does not contend that Petitioner failed to exhaust her administrative remedies as to these claims.

    A.    <u>Legal Standards</u>

The threshold question is whether the court has subject-matter jurisdiction over Petitioner's claims under § 2241. "Subject-matter jurisdiction means the power to resolve the parties' dispute." *Toddle Inn Franchising, LLC v. KPJ Assocs., LLC*, 8 F.4th 56, 60 n.4 (1st Cir. 2021). "Because federal courts are the sole guardians of their limited jurisdiction, they have an obligation to examine their subject-matter jurisdiction *sua sponte* at all stages of the litigation." *Gautier-Figueroa v. Bristol-Myers Squibb P. R., Inc.*, 845 F. Supp. 2d 444, 451 (D.P.R. 2012). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden to prove jurisdiction rests with the petitioner. *See Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir. 1996).

"The pleading standard for satisfying the factual predicates for proving jurisdiction is the same as applies under Rule 12(b)(6) – that is, the [Petitioner] must 'state a claim to relief that is

3

plausible on its face.'" *Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healey,* 844 F.3d 318, 326-27 (1st Cir. 2016) (internal citation omitted).  As with Rule 12(b)(6) motions, the court "must credit [Petitioner's] well-pled factual allegations" as true and "draw all reasonable inferences in [her] favor." *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir. 2010).  However, "[t]he court is not obliged to accept 'bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like.'" *Borrero-Roman v. United States,* No. Civ. 04-2177(HL), 2006 WL 696084, at *1 (D.P.R. Mar. 17, 2006) (quoting *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996)).  "[A]n order granting a motion to dismiss" under Rule 12(b)(1) "is appropriate only when the facts adumbrated in the [petition], taken at face value, fail to bring the case within the court's subject-matter jurisdiction." *Gordo-González v. United States,* 873 F.3d 32, 35 (1st Cir. 2017).  "Where, as here, the petitioner is proceeding *pro se*, the court must construe [her] allegations liberally." *Barnes v. Spaulding*, CIVIL ACTION NO. 19-11745-RGS, 2020 WL 6065045, at *7 (D. Mass. Sept. 24, 2020), *rec. dec. adopted,* CIVIL ACTION NO. 19-11745-RGS, 2020 WL 6060922 (D. Mass. Oct. 14, 2020).

   B. <u>The court lacks subject-matter jurisdiction over Plaintiff's § 2241 petition.</u>

  Petitioner seeks relief pursuant to § 2241, which provides for review when a person claims to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "It is clear, not only from the language of § 2241(c)(3) . . . , but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ."); *Muniz v. Sabol*,

517 F.3d 29, 33–34 (1st Cir. 2008) ("a habeas petition seeking relief from the manner of execution of a sentence is properly brought under 28 U.S.C. § 2241.").

With some exceptions not applicable here, "[i]f … a prisoner 'is making a constitutional challenge to the conditions of [her] prison life, but not the fact or length of [her] custody' an action under 28 U.S.C. § 1983 or the doctrine of *Bivens* . . . is the appropriate vehicle to request relief." *Phelps v. Sabol*, C.A. No. 09-cv-40091-MLW, 2010 WL 2640167, at *1 (D. Mass. June 26, 2010) (quoting *Preiser,* 411 U.S. at 499). If Petitioner challenges the "'fact or duration'" of her confinement, *Kane v. Winn,* 319 F. Supp. 2d 162, 213 (D. Mass. 2014) (quoting *Heck v. Humphrey,* 512 U.S. 477, 481-83 (1994)), her claims are cognizable under § 2241. If, on the other hand, she seeks an improvement in the conditions of her confinement, those claims do not fall within the scope of § 2241 and the court lacks subject-matter jurisdiction.

Petitioner's allegations that, while at the WCC, she was denied access to FCI-Danbury's grievance procedure, her legal materials, adequate food and drink, and the commissary are not cognizable under § 2241. Petitioner complained that the staff of FCI-Danbury did not permit her to file grievances at that facility concerning the conditions of her confinement at the WCC's SHU (Dkt. No. 15-1 at 1). However, because the staff of FCI-Danbury did not control the conditions of Petitioner's confinement at the WCC, her grievances had to be – and were – filed with the WCC. *See Acosta,* 445 F.3d at 512 ("the claims as to the counties had to be directed to the county facilities responsible for the supposed wrongdoing. . . . Otherwise, the ordinary purposes served by such requirements – to provide timely notice of the claim and an avenue for redress short of litigation . . . . – could not be served.") (citations omitted). Petitioner does not allege interference with her ability to file grievances with the WCC and the exhibits to her petition show that she had access to the WCC's administrative grievance procedure (Dkt. No. 5-1 at 1-4).

Therefore, Petitioner's complaint alleging denial of access to FCI-Danbury's grievance procedure is not cognizable under § 2241.

As to Petitioner's claim that the Respondent withheld her legal documents, the denial of an inmate's access to her legal materials and the courts are "'conventional claims under . . . [*Bivens* and] § 1983'" and are not a request for "'a change to the duration or execution of [her] sentence'" that would be the proper subject of a § 2241 petition (Dkt. No. 5-1 at 2). *Gray v. Zenk*, Civil No. 15-cv-508-LM, 2017 WL 3595512, at *2 (D.N.H. Aug. 1, 2017), *rec. dec. adopted,* Case No. 15-cv-508-LM, 2017 WL 3601231 (D.N.H. Aug. 18, 2017) (citation omitted). *See Smith v. Maloney*, No. 93-1297, 1993 WL 438771, at *2 (1st Cir. Nov. 1, 1993) (per curiam) ("allegations of intentional refusal to return an inmate's legal materials state a cause of action under § 1983.") (citing *Simmons v. Dickhaut,* 804 F.2d 182, 184 (1st Cir. 1986)).

Finally, Petitioner's complaints about the adequacy of food and drink and access to the commissary concern the conditions of confinement that are properly brought in a civil rights action, not in a habeas petition (Dkt. No. 5-1 at 3, 4). *See Graf v. Ponce,* No. CV 21-8363-VAP(E), 2022 WL 2102887, at *5 (C.D. Cal. Feb. 22, 2022)  (complaints about "unpalatable or inadequate food" concern the conditions of confinement that are the proper subject of a civil rights action, not a § 2241 petition); *Rodriguez v. Garland,* CASE NO. 3:21 CV 1988, 2022 WL 393969, at *1 (N.D. Ohio Feb. 9, 2022) (a habeas corpus petition cannot be used to assert complaints about the commissary because they pertain to conditions of confinement).

"[C]laims concerning various prison conditions brought pursuant to § 2241 have been dismissed for lack of subject matter jurisdiction with indications that an action pursuant to *Bivens* is appropriate." *Mattingly v. Spaulding,* C.A. No. 18-11569-ADB, 2018 WL 4778410, at *3 (D. Mass. Oct. 3, 2018) ( (citing *Crooker v. Grondolsky,* Civil Action No. 12-12024-RGS, 2012 WL

6

5416422, at *1-2 (D. Mass. Nov. 1, 2012), *aff'd,* No. 12-2392 (1st Cir. July 26, 2013); *Kane,* 319 F. Supp. 2d at 213 ("Various courts in this Circuit and elsewhere have dismissed habeas petitions (or individual claims contained therein) that challenged conditions of confinement rather than the fact or duration of confinement.") (citing cases)); *Lee v. Grondolsky,* CIVIL ACTION NO. 15-40063-DHH, 2015 WL 7194851, at *3, *4 (D. Mass. Nov. 16, 2015) (dismissing the § 2241 petition for lack of subject-matter jurisdiction because the petition challenged the conditions of petitioner's confinement, not its validity or duration); *Diaz v. Grondolsky,* C.A. No. 13-11341-NMG, 2013 WL 3892894, at *4 (D. Mass. July 24, 2013) ("[j]udges of this Court . . . have held that conditions of confinement claims that do not impact of the legality or duration of confinement may not be brought through a habeas petition" and should be dismissed).

Courts generally do not convert a § 2241 petition into a civil rights action without a petitioner's informed consent because of the substantive and procedural distinctions between habeas claims brought under § 2241 and civil rights claims brought under *Bivens* or § 1983. *See Phelps*, 2010 WL 2640167, at *1 (citing *Anderson v. Glaus,* 408 F.3d 382, 388–90 (7th Cir. 2005)).

> Important differences include (1) the identity of the defendant (the warden, versus the doctors, guards, or others responsible for the alleged injury); (2) the amount of the filing fee ($5 [§ 2241] v. $350 [§ 1983 and *Bivens*]); (3) the way in which exhaustion must be accomplished if the Prisoner Litigation Reform Act ("PLRA") applies (4) the type of restriction on successive lawsuits [in civil actions]; and (5) the availability of money damages [in civil actions] . . . .

*Phelps,* 2010 WL 2640167, at *1 (footnotes omitted). Because of these significant differences, this court declines to treat Petitioner's § 2241 petition as a civil rights action. *See, e.g., Diaz*, 2013 WL 3892894, at *4 n.6; *Crooker,* 2013 WL 101588, at *3-4.

Moreover, even if the court treated the petition as asserting claims under § 1983, Petitioner would not be entitled to relief.  Petitioner sought injunctive or declaratory relief addressing certain conditions of her confinement at the WCC.  Because she is no longer held at the WCC, any petition seeking to ameliorate conditions of confinement at the WCC would be moot because she was transferred from the WCC to FCI-Aliceville in 2022.  *See Snell v. Neville,* 998 F.3d 474, 485 (1st Cir. 2021) ("An inmate generally loses the right to challenge 'prison conditions or policies' at a particular facility when [s]he transfers or leaves that prison because [her] complaints would no longer have a substantial impact on [her] life.") (quoting *Ford v. Bender,* 768 F.3d 15, 29 (1st Cir. 2014) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007)).

IV.   CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus or, in the Alternative, for Summary Judgement (Dkt. No. 11) is granted. The Clerk is directed to close the case.

It is so ordered.

Dated:  August 3, 2023
/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge